```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ROBERT MILTON,                                                :
                                                              :
                              Plaintiff,                      :    No. 19-CV-2770 (VEC) (OTW)
                                                              :
              -against-                                       :
                                                              :         **ORDER**
CORRECTION OFFICER REHMAN, et al.,                            :
                                                              :
                              Defendants.                     :
                                                              :
-------------------------------------------------------------x
```

**ONA T. WANG, United States Magistrate Judge:**

On May 5, 2021, Plaintiff filed a letter (ECF 74) entitled, "Plaintiff's Request to File a Relate Back Amendment on the Claim & Discovery Subpoena." Specifically, Plaintiff claims that he is missing significant portions of video footage, and that Sergeant Marmolejos and Defendants' counsel were responsible for the lost or missing evidence. As a result, Sergeant Marmolejos should be added as a Defendant. Defendants' response, filed at ECF 76, treated Plaintiff's letter as a motion to amend his complaint and as a discovery-related motion. This Court will do the same.

Rule 15 of the Federal Rules of Civil Procedure provides that courts should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P 15(a)(2). Applying that standard, the Second Circuit "has held that a Rule 15(a) motion should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005) (per curiam) (internal quotation marks omitted). As relevant here, the party opposing a motion to amend bears the burden of establishing that amendment would

be futile. *See, e.g.*, *Ouedraogo v. A-1 Int'l Courier Serv., Inc.,* No. 12-CV-5651 (AJN), 2013 WL 3466810, at *6 (S.D.N.Y. July 8, 2013). An amendment is not "futile" if it could withstand a motion to dismiss under Rule 12(b)(6). *See, e.g., Anderson News, L.L.C. v. Am. Media, Inc.,* 680 F.3d 162, 185 (2d Cir. 2012); *Agerbink v. Model Service LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016). Put differently, a proposed claim is futile if, accepting the facts alleged by the party seeking amendment as true and construing them in the light most favorable to that party, it does not "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

According to Plaintiff, Sergeant Marmolejos should be added as a defendant because he violated DOCCS Directives by either: (1) not filming his entire transport from MCC to Sing Sing, or (2) failing to ensure the video was not partially erased or manipulated. (ECF 74 at 3). As Defendants properly assert, a violation of DOCCS Directive does not rise to the level of a Constitutional violation. (ECF 76 at 2, citing *Gunn v. Bentivegna*, No. 20-CV-2440 (LLS), 2020 WL 2571015, at *3 (S.D.N.Y. May 19, 2020)). Accordingly, Plaintiff's request to amend the Complaint a third time to add Sergeant Marmolejos as a defendant is **DENIED** as futile.

Defense counsel is directed to meet and confer with Plaintiff and file a status update as to any outstanding discovery that must be done, and what additional efforts Defendants have made to locate the video footage that Plaintiff asserts is missing.

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Plaintiff.

**SO ORDERED.**

Dated:  February 11, 2022
 New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge